## J. REYNOLDS *v*. THE STATE.

1. APPEALS — WHERE RETURNABLE. — The Revised Code of Procedure authorizes either the State or the defendant, after an appeal from a felony conviction, to cause the transcript to be made out and forwarded to whichever term of the Court of Appeals is then pending, or to its first term after the appeal; but no similar authority has been conferred on the trial court or judge to divert the appeal or transcript from the branch of this court to which appertains the county from which the appeal is taken.

2. SAME — PRACTICE. — The transcript of a cause so diverted from its regular course should show on its face the authority therefor. Proper practice is to embody in the transcript, immediately before the final certificate, the application or request of the district or county attorney, or of the defendant or his counsel.

3. SAME — PRACTICE IN THIS COURT. — The transcript of a felony case appealed from a county pertaining to the Austin branch of this court was filed at its Galveston branch "by order of the District Court" from which the appeal was taken. No application or request of the State's attorney or of the defence appeared in the transcript. The assistant attorney-general moves that the appeal be transferred to the Austin branch of this court; and the motion is sustained.

APPEAL from the District Court of Erath.   Tried below before the Hon. T. L. NUGENT.

The indictment and conviction were for burglary, and the punishment assessed was for a term of five years in the penitentiary.

*Kennedy & Young*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, moves that the appeal be transferred to the Austin branch of this court, for reasons disclosed in the opinion.

CLARK, J.   Under a new provision inserted in our present Code of Criminal Procedure extending the privilege formerly afforded exclusively to defendants in felony cases, it is competent for either the State or the defendant to cause a transcript of the case, after an appeal has been perfected, to be made out and forwarded to the term of this court then pending or next thereafter to be held, without regard to the law governing appeals in other cases.   Code Cr. Proc., art. 843.   The obvious construction of the statute is that this is a matter over which the court before which the case was originally tried has no control, and that neither the judge individually, nor sitting as a court, is authorized in any manner to divert the appeal from its regular course, or cause the transcript to be sent to any other term than that to which it was regularly returnable by due course of law. The clerk is invested with control of the transcript, and as soon as it is prepared he is required, by law, to forward the same by mail or other safe conveyance, directed to the proper clerk of the Court of Appeals.   Code Cr. Proc., art. 862.   The " proper clerk " means, evidently, the clerk of the court at that place to which appeals are regularly returnable from the county.   This is the regular course, and the privilege in the statute above indicated is the exception.

Upon the application, either of the State or the defendant, the transcript may be sent to some other court out of its due course, but it is only upon such an application that this can be done, and the transcript must show such request, else this court will not consider the appeal except at the term to which appeals from the county are regularly returnable. *Meyer* v. *The State*, 3 Texas Ct. App. 219.

The proper practice is to embody a copy of the written request from the district or county attorney, or from the defendant or his counsel, in the transcript, in order that this court may know that the appeal is properly before us for final disposition, and it may best appear immediately preceding the final certificate of the clerk.

As appears from a certificate of the district clerk of Erath County, this transcript has been forwarded to this term of the Court of Appeals "by order of the District Court of Erath County;" and because it fails to appear that it was sent at the request of the State or the defendant, the motion of the assistant attorney-general is sustained, and the appeal transferred to our Austin term; and it is so ordered.

*Ordered accordingly.*